## THE PEOPLE *v.* OTERO.

### APPEAL from the District Court of San Juan.

No. 28.—Decided October 22, 1906.

NEW TRIAL—NEWLY DISCOVERED EVIDENCE.—Upon a motion for a new trial on the ground of newly discovered evidence, the defendant must produce at the hearing in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and it must be set forth, under oath, in the motion, that the newly discovered evidence is material and that it was

unknown at the time of the trial, and that it could not with reasonable diligence have been discovered and presented at the trial, and in the absence of these requisites the motion will be denied.

ID.—APPEAL—BILL OF EXCEPTIONS—STATEMENT OF FACTS.—Where there is no bill of exceptions or statement of facts in the transcript of the record, the court cannot determine on appeal whether the new evidence produced was or was not material to the defense of the accused.

The facts are stated in the opinion.

*Mr. Rossy, fiscal,* for respondent.

The appellant did not appear.

MR. JUSTICE MacLEARY delivered the opinion of the court.

This was a prosecution for the theft of a colt, which, under the Penal Code of Porto Rico, is grand larceny. The prosecution was begun by an information filed in the District Court of San Juan on the 6th of January, 1906, charging the crime to have been committed on the 19th of December, 1905. The accusation was made originally against two defendants, Vidal Otero and Eusebio Castro. On the trial the latter was acquitted and the former was convicted and sentenced to serve one year in the penitentiary at hard labor.

From this judgment of the district court the accused, Vidal Otero, took an appeal to this court and filed the transcript of the record here on the 29th of June last. There is neither a statement of facts nor a bill of exceptions, much less an assignment of errors contained in the record, and this would be sufficient for an affirmance of the judgment without further consideration. But it appears from the record that the point relied on by the appellant is the overruling of this motion for a new trial, which was filed in due time, on the 9th of March, 1906. The basis for the motion for a new trial was newly discovered evidence, accompanied by the affidavits of three different witnesses. The district court on the same day overruled the motion for the following reasons, to wit:

"First. Because it is not stated in the motion that the evidence offered at this time could not have been discovered before the trial, although the greatest reasonable diligence had been employed, and

"Second. Because even though it had been so stated in the motion, considering the evidence presented on its own merits—that is to say, judging from the affidavits accompanying the motion and what they might show—and comparing them with the evidence taken on the trial, the court is of the opinion that they would not be sufficient to change the verdict rendered by the jury in this case."

We consider this action of the court as entirely proper and the reasons perfectly sound and sufficient. Under section 303 of the Code of Criminal Procedure, paragraph 7, it is provided that when the new evidence is discovered material to the defendant and which he could not, with reasonable diligence, have discovered and produced at the trial, a new trial may be granted; but it is further enacted that when a motion for a new trial is made upon this ground the defendant must produce at the hearing the affidavits of the witnesses by whom such evidence is expected to be given. These affidavits were produced in accordance with the requirements of the statute, but in his motion he fails to allege and verify by oath that the newly discovered evidence was material to his defense, and that he could not, with reasonable diligence, have discovered it and produced it at the trial. Such an allegation is material in a motion of this kind for a new trial, and in the absence of such statement the motion is subject to demurrer. The motion being insufficient, of course it could have been denied.

But the court goes further and says that even if this requirement had been complied with there is nothing to show that the verdict would have been different on the trial; and this court cannot say that the newly discovered evidence embodied in the affidavits would have been material to the defense, inasmuch as there is no statement of facts or bill of exceptions contained in the record by which we can determine the materiality of the proposed newly discovered evidence.

Believing, then, from all that appears in the record that the ends of justice have been attained and that the judgment rendered by the District Court of San Juan is just and based on legal grounds, in our opinion the judgment of the said

district court, rendered on the 12th of March last, should in all things be affirmed.

*Affirmed.*

Chief Justice Quiñones, and Justices Hernández, Figueras and Wolf concurred.